UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 20-1155-JDT-cgc |
| ) | |
| CENTURION, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING MOTION FOR IMMEDIATE INJUNCTIVE RELIEF AND ALLOWING
AN OPPORTUNITY TO FILE A COMPLAINT

On July 10, 2020, Jason Johnson, an inmate at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a motion and sworn affidavit seeking a temporary restraining order and preliminary injunction prohibiting "Centurion Medical Care Provider for State of Tennessee" (Centurion) and unnamed NWCX "Medical Staff" from "arbitrarily, capriciously, and deliberately" denying him adequate medical care. (ECF No. 1.) Though Johnson did not file a complaint, the Court has, nevertheless, opened a civil case based on his motion.

Johnson asserts he is in immediate danger of irreparable harm because he could suffer a fatal aneurysm, stroke, or heart attack at any time. He states he has for years suffered from headaches and eye pain/pressure and has been treated with blood pressure medication. On an unspecified date, a physician discontinued the blood pressure medication. Johnson avers that his headaches have gotten worse since he stopped taking blood pressure medicine and that he now has a "bulge/knot" on the back of his head that was not there previously. He states that he has experienced confusion, dizziness, and weight loss, and that his "comprehension skills" are

affected. When Johnson informed "Medical" of his symptoms, a nurse took his blood pressure, which was higher than normal. He was told to sign up for sick call, which he did on or about June 26, 2020. When he was not immediately seen by a doctor, Johnson filed a grievance on or about July 2, 2020, and was told an appointment was scheduled for July 7, 2020. He did not see a doctor on that day, however, and believes this was in retaliation for filing the grievance. Johnson avers he has had no head examination or x-ray done "even to this day of the 8th of July 2020, though Plaintiff has been complaining of headaches and head problems for years." (ECF No. 1 at PageID 1-2.)

Under Federal Rule of Civil Procedure 65(a), a preliminary injunction may not be issued without notice to the adverse party. A temporary restraining order under Rule 65(b) may issue "without written or oral notice to the adverse party or its attorney only if":

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Johnson has not provided any reasons in his motion why he should not be required to give Centurion notice of his motion for immediate injunctive relief.

Furthermore, Johnson does not sufficiently specify the relief he seeks. Rule 65(d)(1) requires an injunction or restraining order to "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Here, Johnson asks only that the Court enjoin Centurion and the NWCX Medical Staff from denying him adequate medical care. An injunction so general in scope would not sufficiently inform any opposing parties what is required of them.

Even if Johnson had sufficiently complied with the procedural requirements for immediate injunctive relief, the Court concludes that his motion should be denied. In determining whether to issue a temporary restraining order or preliminary injunction, a district court must balance the following four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Wilson v. Williams*, 961 F.3d 829, 836 (6th Cir. 2020) (quoting *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)). However, "the likelihood of success on the merits often will be the determinative factor.'" *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014).

"The party seeking the preliminary injunction bears the burden of justifying such relief." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 441 (1974). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Presuming that Johnson would assert a claim under the Eighth Amendment for inadequate medical care, he has not shown either a strong likelihood of success on the merits or that he will suffer irreparable injury if an injunction does not issue. He does aver that his blood pressure medication was discontinued and that he has not been given a head examination or x-ray. Even if true, these facts alone do not suggest that any Centurion or NWCX medical personnel were deliberately indifferent to Johnson's medical needs. Johnson does not state whether medical personnel gave a reason for discontinuing the medication or prescribed any alternative medication

or treatment thereafter. In addition, Johnson does not indicate that he has any medical training or ability to properly diagnose himself; thus, his assertion that he is on the brink of a fatal aneurysm, stroke, or heart attack is only speculative. For these reasons, the motion for a temporary restraining order and preliminary injunction is DENIED.

Though Johnson did not file a complaint with his motion, the Court will not dismiss this case without giving him an opportunity to do so. Any such complaint must be filed within fourteen (14) days after the date of this order, **on or before July 29, 2020**. Johnson is advised that the text of any complaint should allege sufficient facts to support each claim without reference to any other document. Any exhibits should be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief should be stated in a separate count and should identify each defendant sued in that count.

Along with any complaint, Johnson also must submit either the entire $400 civil filing fee or a motion to proceed *in forma pauperis* and a copy of his inmate trust account statement for the last six months. The Clerk is directed to provide Johnson with a copy of the civil rights complaint form and a copy of the prisoner *in forma pauperis* form along with this order.

If Johnson does not file a complaint within the time specified, the Court will dismiss this case in its entirety.

IT IS SO ORDERED.

                                                          s/ **James D. Todd**
                                                          JAMES D. TODD
                                                          UNITED STATES DISTRICT JUDGE